United States District Court
Southern District of Texas
**ENTERED**
July 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO SIERRA-JAIMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-435 |
| | § | |
| L. SHULTZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Alfredo Sierra-Jaimes (No. 81969-279), is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. (D.E. 1, Page 1). He filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to have his federal sentence vacated or corrected. (D.E. 1). On February 6, 2019, Respondent filed the pending Motion to Dismiss. (D.E. 10). Petitioner filed a response on March 25, 2019. (D.E. 13). For the reasons stated below, it is respectfully recommended that Petitioner's § 2241 habeas action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Western District of Texas.

## I.     BACKGROUND

On February 17, 2015, Petitioner pleaded guilty in the United States District Court for the Western District of Texas, Austin Division, to having violated 8 U.S.C. § 1326 (illegal reentry of alien following removal). (D.E. 7-3, Pages 1-2). Petitioner was

sentenced on April 24, 2015 to 70 months custody in the U.S. Bureau of Prisons, three years supervised release, and a $100.00 special assessment.  (D.E. 7-8, Pages 8-10).  The Court also revoked his supervised release from his previous illegal reentry conviction and imposed a sentence of 18 months custody to be served consecutively.  (D.E. 7-8, Pages 8-10).  His sentences were affirmed by the Fifth Circuit Court of Appeals on direct appeal on December 21, 2015.  *United States v. Sierra-Jaimes*, 625 Fed. App'x. 228 (5th Cir. 2015).  Petitioner then filed a petition for certiorari to the Supreme Court which was denied.  *Sierra-Jaimes v. United States*, 136 S. Ct. 2027 (2016).  On February 10, 2017, Petitioner filed a motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255, challenging his sentences in the Western District of Texas, which was denied on April 26, 2017.  (D.E. 7-14 and D.E. 7-16, Page 4).

On December 4, 2018, Petitioner filed the pending habeas action pursuant to 28 U.S.C. § 2241 asserting the 16-level increase to his offense calculation used by the district court at sentencing for a prior Texas robbery conviction [Tex. Penal Code Ann. § 29.02] is invalid under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which were both decided subsequent to Petitioner's conviction and sentencing.  (D.E. 1 and D.E. 8, Page 8).[1]

## II.    LAW AND ANALYSIS

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the

---

[1] While *Mathis* was decided after sentencing but prior to the time Petitioner initially sought relief pursuant to 28 U.S.C. § 2255, Petitioner did not raise *Mathis* in his Motion to Vacate, Set Aside or Correct sentence.

prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458 (5th Cir. 2013).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. A § 2255 motion must be filed in the sentencing court. *Id.* A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are based on the alleged incorrect application of the federal sentencing guidelines. Because Petitioner's complaints relate to the merits of his sentence, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Eckles v. Chandler*, 574 Fed. App'x. 446 (5th Cir. 2014); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision establishing 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Under that set of circumstances, it can be fairly said the remedy by a successive § 2255 motion is inadequate. *Id.*

The U.S. Sentencing Guidelines in effect at the time Petitioner was sentenced applied increases to guideline offense levels based upon prior convictions for crimes of violence when a defendant was convicted of unlawful entering or remaining in the United States. U.S.S.G. § 2L1.2(2014). The guidelines defined "crime of violence" in the application notes by enumerating several offenses and providing a provision to include other offenses.[2] Petitioner received a 16-level increase to his offense level because the

---

[2] Petitioner's sentencing guideline offense level was increased under U.S.S.G. § 2L1.2(b)(1)(A)(ii)(2014) for his previous felony conviction for a crime of violence. The commentary notes at U.S.S.G. § 2L1.2 cmt. 1(B)(iii)(2014) provide the following definition for "crime of violence":

**Definitions.**–For purposes of subsection (b)(1):

(iii) "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

district court determined his prior Texas robbery conviction in 2010 was a crime of violence.  (D.E. 7-8, Pages 8-10 and D.E. 8, Page 8).

Petitioner claims *Dimaya* and *Mathis* require a different result and both were made retroactive to cases on collateral review making the savings clause applicable in his case. (D.E. 1, Pages 6-7).  Petitioner alleges the incorporation of the crime of violence led to an unconstitutional increase to his sentence guideline offense level.  (D.E. 1, Pages 6-7).  He argues the holding in *Dimaya*, which determined the residual clause of 18 U.S.C. § 16 was unconstitutionally vague as used in the Immigration and Nationality Act's criminal-removal provisions, should also apply to the sentencing guidelines and restrict any increases for a prior "crime of violence."  (D.E. 1, Pages 6-7; *Dimaya*, 138 S. Ct. at 1207).

However, contrary to Petitioner's assertions, the Supreme Court's holding in *Dimaya* does not make the savings clause of § 2255(e) applicable in his case.  The undersigned recommends Petitioner meets none of the three requirements for the savings clause under the *Dimaya* decision for the reasons outlined below.  The *Dimaya* court rendered the language in the residual clause of 18 U.S.C. § 16 unconstitutional, but the language used in 18 U.S.C. § 16(b) is different from the language used in the sentencing guidelines definition of "crime of violence."[3]  The residual clause, or § 16(b), was the

---

[3] The term "crime of violence" means –

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

only clause determined to be void for vagueness by the Supreme Court while § 16(a) was left unaffected. *Dimaya*, 138 S. Ct. at 1207-08. Comparing the sentencing guidelines definition of "crime of violence" with the definition under 18 U.S.C. § 16, there are two primary differences making Petitioner's claim without merit. First, the definition under the sentencing guidelines includes enumerated offenses, of which robbery is one, and the definition in § 16 includes no enumerated offenses. Second, the definition under the sentencing guidelines does include a provision to include other offenses, however, the provision is nearly identical to § 16(a), not § 16(b). Because § 16(a) was not found to be unconstitutional for vagueness, Petitioner's assertions are misplaced and the Supreme Court's ruling in *Dimaya* has no effect on his sentence or the definition of "crime of violence" provided in the sentencing guidelines.

Moreover, the Fifth Circuit has determined even if Petitioner is correct and the portion of the sentencing guidelines used by the district court to impose his sentence used the language from § 16(b), there is no issue with vagueness when applying the definition to the sentencing guidelines. *United States v. Osorio*, 734 Fed. App'x. 922, 924 (5th Cir. 2018) ("Even after *Dimaya*, then, the language of Section 16(b) is as usable as a definition for the Guidelines as it would have been had the language been, figuratively, cut and pasted into them.") (citation omitted). Nonetheless, the portion of the sentencing guidelines used by the district court in Petitioner's sentencing is plainly different when compared to the language of § 16(b) as analyzed above. The Fifth Circuit has also noted

---

18 U.S.C. § 16.

"*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction." *Pisciotta v. Harmon*, 748 Fed. App'x. 634, 635 (5th Cir. 2019). The result is *Dimaya* has yet to be determined by the Fifth Circuit or Supreme Court to be retroactively applicable. Further, Petitioner was not convicted for a now nonexistent offense. Lastly, as described above, Petitioner's *Dimaya* claim is without merit.

As to Petitioner's remaining claim, contrary to Petitioner's assertion, the United States Supreme Court has not found *Mathis*, which the Supreme Court decided on June 23, 2016, applies retroactively to cases on collateral review. *Id.*; *see also Collins v. Willis*, No. EP-17-CV-149-KC, 2017 WL 2455184, *4 (W.D. Tex. June 6, 2017); *Robles v. Willis*, No. EP-17-CV-88-KC, 2017 WL 1957066, *2 (W.D. Tex. May 10, 2017) ("[B]ecause the *Mathis* Court reaffirmed prior Supreme Court rulings, it has not been recognized as announcing a new substantive rule retroactively applicable to cases on collateral review.") (citation omitted). As a result, the undersigned recommends Petitioner's claim under *Mathis* also fails.

Further, to the extent Petitioner claims a § 2255 motion is inadequate because his 2017 § 2255 motion has already been denied, the Fifth Circuit has held "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878. In short, Petitioner has not established he can meet the requirements of the savings clause to file a § 2241 petition. Petitioner is challenging the District Court's calculation of the sentencing guidelines using arguments previously rejected by the Fifth Circuit Court of

Appeals.  Since Petitioner's argument concerns the validity of his sentences, he must follow the requirements of § 2255.  Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and he has also not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## III.   RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**.  It is further recommended that Petitioner's cause of action not be characterized as a motion to vacate or set aside his sentences brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed a § 2255 motion in the correct jurisdiction.

Respectfully submitted this 29th day of July, 2019.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).